***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted November 14, 2022, vacated and remanded
January 25, 2023

Robert A. MIDDLETON
and Helen S. Marsh,
Trustees of the Robert A. Middleton
and Helen S. Marsh Family Trust
u/t/d April 19, 2002, as amended and restated,
*Plaintiffs-Appellants,*

*v.*

OREGON TRAIL ELECTRIC
CONSUMERS COOPERATIVE INC.,
an Oregon Cooperative,
dba Oregon Trail Electric Cooperative,
*Defendant-Respondent.*

Baker County Circuit Court
20CV13155; A176161

Robert S. Raschio, Judge.

Thomas M. Christ argued the cause for appellants. Also on the briefs was Sussman Shank LLP.

Brent H. Smith argued the cause and filed the brief for respondent.

Before Powers, Presiding Judge, and Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Vacated and remanded.

**JOYCE, J.**

Plaintiffs, Robert Middleton and Helen Marsh, bought a piece of property that did not have a power system that was connected to a grid. They entered into a contract with Oregon Trail Electric Consumers Cooperative Inc. (OTEC), an electrical cooperative, to install a transmission line to their home. Doing so necessitated plaintiffs granting OTEC an easement over their property. After OTEC installed the line, a dispute arose over whether OTEC could use the easement to extend distribution lines from facilities on plaintiffs' property to other electric consumers. Plaintiffs filed a declaratory judgment action, asking the court to declare, among other things, that the transmission line on their property was for their sole use and benefit and that OTEC could not use it to extend distribution lines to other consumers. Both parties moved for summary judgment. The trial court granted OTEC's motion for summary judgment. Plaintiffs appeal, arguing that the court erred in granting OTEC's motion for summary judgment and denying plaintiffs' cross-motion. We affirm the trial court's grant of summary judgment to OTEC, but we vacate and remand for the trial court to enter a judgment that declares the respective rights of the parties.[1]

On review of cross-motions for summary judgment, we review the record "in the light most favorable to the party opposing it to determine whether there is a genuine issue of material fact and, if not, whether either party is entitled to judgment as a matter of law." *O'Kain v. Landress*, 299 Or App 417, 419, 450 P3d 508 (2019).

The parties' transaction was governed by a number of documents, including the Electric Line Extension Agreement (ELEA). The ELEA required plaintiffs to use OTEC's electric service within six months of completion of the electric line, consistent with the "projected load requirement" and "submitted application for service." The ELEA also expressly provided that the parties' relationship was governed by a number of other documents, including a

---

[1] As we explain below, although the trial court issued a declaration as to one claim, it failed to do so with respect to two other claims on which plaintiffs sought declaratory relief.

membership agreement and various bylaws. Finally, the ELEA required plaintiffs to "grant to OTEC all easements reasonably necessary to install, operate, maintain, replace and remove the line extension facilities."

In accordance with that ELEA requirement, plaintiffs granted OTEC a right-of-way easement. That easement granted OTEC the right to "construct, operate and maintain an electric transmission and/or distribution line or system" on plaintiffs' property. It further granted OTEC the right to "license, permit or otherwise agree to the joint use or occupancy of the lines, system or, if any of said system is placed underground, of the trench and related underground facilities, by any other person, association or corporation[.]"

As noted above, after OTEC installed the transmission line, a dispute arose over whether OTEC had the right to extend transmission distribution lines within the easement on plaintiffs' land to other consumers. That dispute arose because OTEC asked plaintiffs to sign an "application for membership and electric service." One provision in the application expressly provided that plaintiffs were granting OTEC that right to extend.

Plaintiffs ultimately filed a declaratory judgment action. More specifically, plaintiffs asked the court to declare that they were "non-member power consumers[,]" that the electrical line extended to their property was for their "sole use and benefit[,]" and that OTEC does not have the right to extend the transmission line in the plaintiffs' easement. In the alternative, plaintiffs asked the court to reform the membership application to remove the provision that granted OTEC the right to use plaintiffs' line to extend to other consumers and to reform the easement to provide only that OTEC had the right to "license, permit, or otherwise agree to the joint use or occupancy of the trench by any other person, association or corporation[.]" That reformation would strike the provision of the easement that allowed OTEC the right to allow the joint use of plaintiffs' "lines, system or, if any of said system is placed underground," of those underground facilities.

OTEC counterclaimed, requesting a declaration that plaintiffs are members of OTEC and, in the alternative,

if plaintiffs are not members, that OTEC could discontinue providing plaintiffs with power.

The trial court denied plaintiffs' motion for summary judgment and granted OTEC's cross-motion for summary judgment. In an extensive and well-reasoned ruling, the trial court concluded that there was no genuine issue of material fact that plaintiffs became members of OTEC when they signed the ELEA and that no document gave plaintiffs the sole and exclusive use of the transmission line on the property; to the contrary, the easement expressly gives OTEC the right to use the easement and equipment therein to extend service to other customers. The court thus found that each of plaintiffs' claims failed and dismissed plaintiffs' claims with prejudice. The court issued a general judgment declaring that "[p]laintiffs are hereby declared members" of OTEC.

Plaintiffs now appeal. We have reviewed the record and arguments on appeal and conclude that the trial court correctly denied plaintiffs' motion for summary judgment and granted OTEC's cross-motion. For the same reasons articulated by the trial court, we conclude that no genuine issue of material fact exists and OTEC is entitled to summary judgment.

That said, as plaintiffs observe, the judgment in this case—aside from the declaration that plaintiffs are members of OTEC—dismisses plaintiffs' claims, rather than declaring what plaintiffs' rights are (or, in this case, what plaintiffs' rights are not). "If there is a justiciable controversy, the plaintiff is entitled to a declaration of its rights, even if that declaration is directly contrary to what it believes its rights to be." *Beldt v. Leise*, 185 Or App 572, 576, 60 P3d 1119 (2003); ORS 28.010 ("The declaration may be either affirmative or negative in form and effect[.]"). Thus, "[w]hen a trial court dismisses a declaratory judgment claim after deciding it on the merits, it is our practice to vacate and remand for correction of the judgment, even if we are affirming on the merits." *City of Corvallis v. State of Oregon*, 304 Or App 171, 190, 464 P3d 1127 (2020). As described above, plaintiffs sought, in essence, three declarations: (1) that they are nonmember power consumers; (2) that the

electrical line extended to their property was for their "sole use and benefit"; and (3) that OTEC does not have the right to extend the transmission line in the plaintiffs' easement. The judgment declares parties' rights with respect to the first issue, but not the second and third. We therefore vacate and remand for correction of the judgment.

Vacated and remanded.